UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:05CR107 HEA |
| | ) |
| COREY LOUIS HINES, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion for Judgment of Acquittal Notwithstanding the Jury's Verdict or in the Alternative a New Trial, [Doc. No. 78]. The government has filed a written opposition to the Motion. For the reasons set forth below, the Motion is denied.

Following a jury trial which began on November 7, 2005 and concluded on November 8, 2005, defendant was found guilty of conspiracy to commit identity fraud, aiding and abetting falsely representing a Social Security Number, falsely representing his Social Security number for the purpose of concealing his true identity from law enforcement, and unlawfully using the identity of another.

Defendant now files his post-trail motion for judgment of acquittal or for a new trial based on the following assertions. Defendant contends that the Court

erred by refusing to strike for cause juror numbers 1, 2, 3, 4, 5, 6, 7, 10, 17, 20, and 22 because each of these jurors stated that he or she expected the defendant to respond to the charges, and that this statement placed a burden on defendant. Defendant argues these statements caused defendant to feel compelled to testify in spite of his Constitutional right to not testify. This argument is without merit. Throughout the course of the Court's voir dire, and the questioning by counsel for both sides, the jurors were repeatedly advised that the government had the burden of proving its case and that defendant was not required to prove his innocence; was not required to put on any evidence; and had a right to not testify. The jurors were further advised that failure to testify by the defendant should not, and cannot, be held against him. The jurors were repeatedly questioned regarding their ability to follow the law as the Court instructed and regarding their understanding of the burden of the government. It was not, therefore error to refuse to strike for cause those jurors who initially articulated an expectation, but who subsequently stated that they would follow the Court's instructions as given.

Defendant also argues that the Court erred in not granting his Motion for Directed Verdict to any or all Counts at the close of the government's case and at the close of all of the evidence. At the time of the denial, after having heard the evidence and the arguments with respect to the motion, the Court found that the

government had established a prima facie case. Defendant has presented nothing to establish that this finding was erroneous.

Defendant further argues that the jury erred in finding him guilty beyond a reasonable doubt because the evidence is insufficient for the jury to make such a finding of guilt. This Court disagrees. The government presented evidence from various witnesses which established defendant's role in the conspiracy, his aiding and abetting his wife, Toyetta Hines, in obtaining false credit, and his giving false information. The standard of review concerning sufficiency of the evidence is strict. *United States v. Dabney,* 367 F.3d 1040, 1042 (8th Cir.2004). The Court reviews "the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." *United States v. Sanders,* 341 F.3d 809, 815 (8th Cir.2003) (citation omitted). The Court will set aside the jury's verdict only if no reasonable jury could have found defendant guilty beyond a reasonable doubt. *Dabney,* 367 F.3d at 1042. The Court concludes the facts and inferences, when taken together, allowed the jury to reach the reasonable conclusion that defendant was guilty. Several witnesses testified with regard to defendant's activities with his wife, and in giving false information. *See United States v. Marshall,* 922 F.2d 479 (8th Cir.1990) (holding the testimony of a single witness,

even if the witness is a co-defendant testifying pursuant to a plea agreement, is sufficient to support a guilty verdict).

Defendant argues that the Court erred in allowing the government to strike the sole African American male on the jury panel. Defendant's argument is based on *Batson v. Kentucky*, 476 U.S. 79 (1986). Under *Batson,* a party opposing a peremptory strike may make a prima facie case of discrimination by showing the circumstances support an inference that the exercise of the challenged peremptory strike was based on unlawful discrimination. *United States v. Velazquez-Rivera,* 366 F.3d 661, 665 (8th Cir. 2004). If the objecting party establishes a prima facie case, then the proponent of the strike must provide a nondiscriminatory explanation for the strike. *Id.* "The district court then must determine whether there was purposeful discrimination. *See Elmahdi v. Marriott Hotel Servs., Inc.,* 339 F.3d 645, 651 (8th Cir. 2003); *Hall v. Luebbers,* 341 F.3d 706, 713 (8th Cir. 2003)." *U.S. v. Blaylock* 421 F.3d 758, 769 (8th Cir. 2005).

The government clearly articulated a nondiscriminatory explanation for the strike. The government's reason for striking this juror was that he was asleep virtually the entire jury selection. The Court also struck juror number 5 for the same reason. Juror number 5 was a similarly situated individual who was not African American. As the Court articulated during the original *Batson* challenge, it is clear

that whenever a venire person is not focused during voir dire, it may be an indication that that person might be in a position of not maintaining his or her entire focus on the evidence that is to be presented at trial.  This rationale for striking such individuals is clearly nondiscriminatory.  The government's challenge of the sole African American male was not based on his race, rather, the strike was exercised for the government's nondiscriminatory reason that this juror, just like juror number 5, was stricken for his inattentiveness and/or sleeping during the questioning, and thus was stricken for the the clear inability of the venireperson to exercise the duties requisite of a juror upon the trial of a matter.  Defendant's *Batson* challenge is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Judgment of Acquittal Notwithstanding the Jury's Verdict or in the Alternative a New Trial, [Doc. No. 78], is denied.

Dated this 6th day of December, 2005.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE