UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | Case No: 4:05CR107HEA |
| ) | |
| COREY LOUIS HINES, ) | |
| ) | |
| Defendant/Movant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion Pursuant to Federal Rule of Criminal Procedure 52(b) Plain Error [Doc. No. 178 – hereinafter "Motion to Correct Error"]. The United States of America has responded to the motion [Doc. No. 184]. For the reasons set forth below, the Motion is denied.

## PROCEDURAL HISTORY

On February 6, 2012 Defendant filed a Motion to Correct Sentence Pursuant to Federal Rules of Criminal Procedure 52(b) [Doc. No. 151]. That motion was similar in nature to the instant motion. This Court dismissed the motion as a collateral attack on his sentence and as a successive section 2255 motion. On July 11, 2013, the Eighth Circuit Court of Appeals, in a Per Curiam opinion, affirmed the ruling issued by this Court.

On December 26, 2018 Movant filed the instant motion. The effect of this motion is an attempt to pursue a successive motion in collateral attack of his judgment and sentence. Since Defendant has already filed and failed at a motion under 28 U.S.C. § 2255, any claim now filed necessarily must be construed as a "second or successive motion." *See United States v. Boutte*, 542 F.App'x 425, 426 (5th Cir. 2013); *see also Settle v. United States*, 2009 WL 1028280, 4:09 CV 385 JCH (E.D. MO Apr. 16, 2009).

## DISCUSSION

Pursuant to Section 2255, a "second or successive motion must be certified as provided in section 2244 by a panel" of the Eighth Circuit. Specifically, a second or successive motion must be certified to contain:

(1) newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1) and (2).

The record is devoid of a certification from the Eighth Circuit Court of Appeals regarding Defendant's Motion to Correct and there are no allegations on the face of the motion that meet the requirements for securing permission to file a second or successive motion under § 2255.

## **CONCLUSION**

Based upon the foregoing analysis, Movant has failed to establish he is entitled to any relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Correct Sentence Pursuant to Federal Rules of Criminal Procedure 52(b), [Doc. No. 151], is **DENIED AND DISMISSED**.

Dated this 13th of February, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE